# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:08-cr-00350-GMN-GWF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| CURTIS M. GEBERS, ) | Motion to Compel (#55) |
| Defendant. ) | |

This matter is before the Court on Defendant Curtis Gebers' Sealed Ex Parte Motion to Compel Wells Fargo Bank to Produce Records (#55), filed February 25, 2011.

Defendant seeks leave from the Court to subpoena records from Wells Fargo Bank. Federal Rule of Criminal Procedure 17(c) provides that a subpoena may "command the person to whom it is directed to produce the books, papers, documents or other objects designated therein." However, a subpoena *duces tecum* under Rule 17 "was not intended to provide a means of discovery for criminal cases," but instead offers a way "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 699, 94 S.Ct. 3090, 3103 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 678-79 (1951)). In order to grant a pretrial subpoena in a criminal case, the Court must be persuaded by the moving party: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (citing *Nixon*, 418 U.S. 683, 699-700); *see also United States v. Lambeth*, 2010 WL 4117681 (D.Nev. Oct. 8, 2010).  The party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity.  418 U.S. at 700.  Upon review and consideration, the Court finds Defendant has met his burden under *Nixon* and the Court will order the bank to produce the records requested.

**IT IS HEREBY ORDERED** that the *Ex Parte* Motion to Compel Wells Fargo Bank to Produce Records (#55) is **granted**.

**IT IS FURTHER ORDERED** that Wells Fargo Bank shall produce the records requested in the January 7, 2011 subpoenas and immediately deliver them to the offices of the Federal Public Defender, located at 411 E. Bonneville #200, Las Vegas, NV 89101, or a representative from the Federal Public Defender may pick them up from any local Wells Fargo branch location.

DATED this 2nd day of March, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE