UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CURTIS MARK GEBERS, JR. ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:08-cr-00350-GMN-GWF <br><br> **ORDER** |

Before the Court is Defendant's Request for Extension of Time to File a Motion to Correct, Vacate or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255 by a Federal Prisoner (ECF No. 113); Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 114); the Government's Motion to Waive Defendant's Attorney-Client Privilege with Respect to Allegations in Defendant's 28 U.S.C. § 2255 Motion (ECF No. 121); and the Government's Motion to Stay the Briefing Schedule Until Defendant's Former Counsel Provides an Affidavit Addressing Defendant's Allegations (ECF No. 122). The Defendant also filed a Request for Clarification (ECF No. 119).

Defendant raises four (4) grounds in his Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 114). In Ground One, the Defendant claimed his due process rights were violated because the government had no evidence of the fraud counts dismissed per the plea negotiation. (ECF No. 114, p. 5). In Ground Two, Defendant claims ineffective assistance of counsel and argues he would not have agreed to the plea negotiation but for his counsel advising him to accept the plea negotiation despite the fact she knew that he was actually innocent. (ECF No. 114, p. 6). In Ground Three, Defendant

further explains that he accepted the plea negotiation because his counsel advised him that he could recoup the restitution amount with additional damages by filing a lawsuit against the beneficiary of the restitution. (*Id.*) In Ground Four, Defendant further claims ineffective assistance of counsel arguing that his counsel failed to advise him that if he proceeded to trial, the most that he would have to pay was $4,389.60. (ECF No. 114, p. 7). Ultimately, Defendant expressly requests that this court "withdraw his plea of guilty, void the plea agreement, vacate his sentence and remand for further proceedings." (ECF No. 114, p. 17).

As it appears that all of Defendant's claims challenge the effectiveness of former counsel, and the Defendant has not filed any opposition to the Government's Motion to Waive Defendant's Attorney-Client Privilege with Respect to Allegations in Defendant's 28 U.S.C. § 2255 Motion (ECF No. 121), nor their Motion to Stay the Briefing Schedule Until Defendant's Former Counsel Provides an Affidavit Addressing Defendant's Allegations (ECF No. 122), both motions (ECF Nos. 121 and 122) will be GRANTED.

**IT IS THEREFORE ORDERED** that the Government's Motion to Waive Defendant's Attorney-Client Privilege with Respect to Allegations in Defendant's 28 U.S.C. § 2255 Motion (ECF No. 121) is **GRANTED**. The attorney-client privilege in Case No. 2:08-cr-00350-GMN-GWF is waived with respect to the allegations in Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 114), and that Brenda Weksler shall provide the Government with an affidavit addressing the allegations of ineffective assistance in Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 114) **no later than Monday, July 14, 2014**.

**IT IS FURTHER ORDERED** that Government's Motion to Stay the Briefing Schedule Until Defendant's Former Counsel Provides an Affidavit Addressing Defendant's Allegations (ECF No. 122) is **GRANTED**. The **Government's deadline for responding** to Defendant's

Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 114) is **STAYED until THIRTY (30) DAYS from the date Brenda Weksler provides the information requested in the Government's Motion to Waive Defendant's Attorney-Client Privilege** with Respect to Allegations in Defendant's 28 U.S.C. § 2255 Motion (ECF No. 121).

**IT IS FURTHER ORDERED** that Defendant's Request for Clarification (ECF No. 119) is **GRANTED**. Regarding Minute Order ECF No. 116, the Defendant is advised that the reference to "Letter from Curtis Gebers" refers to the Defendant's letter dated March 10, 2014, which was filed on the Court's docket as ECF No. 115.

**IT IS FURTHER ORDERED** that Defendant's Request for Extension of Time to File a Motion to Correct, Vacate or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255 by a Federal Prisoner (ECF No. 113) is **DENIED without prejudice**. The Defendant requests that "the Court direct the defendant how to remedy" any defects in his Motion to Vacate Sentence Pursuant to § 2255 and "provide the defendant additional time to refile his § 2255 motion. The Government has not yet alleged any defects, therefore the motion is **DENIED without prejudice**.

**DATED** this 10th day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court