# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:08-cr-00350-GMN-GWF |
| Plaintiff, ) | |
| vs. ) | **ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF NO. 114)** |
| CURTIS MARK GEBERS, JR., ) | |
| Defendant. ) | |

Before the Court is Defendant Curtis Gebers' Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 114), and the Government's Opposition to Gebers' 28 U.S.C. §2255 Motion (ECF No. 129).

The Court finds that Defendant's Motion is timely. However, for the reasons stated herein, and by the Government in its Response (ECF No. 129), the Court denies Defendant's §2255 Motion to Vacate (ECF No. 114).

The Defendant claims his counsel was ineffective for recommending to him that he plead guilty with a plea agreement which he believes should be void for consideration. (ECF No. 114 at 5). Defendant argues that the Government's agreement to dismiss the five Wire Fraud counts did not benefit him because the Government lacked evidence of the essential element of intent. *Id.* He explains that the total amount of monetary loss expressly specified on the five count wire fraud indictment was only $4,389, but that he was misled by his counsel to agree, pursuant to a plea agreement, to pay restitution in the amount between $660,000 and $889,415. *Id.* at 7. Accordingly, Defendant claims both his Sixth Amendment right to counsel and his Fifth Amendment right to Due Process have been violated. *Id.* at 5.

Both deficient performance and prejudice must be demonstrated by a defendant to prevail

on a claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Defendant acknowledges that he bears the burden of proving ineffective assistance of counsel. *Id.* at 19.  In attempting to meet this burden, he claims that the advice his trial counsel provided when she recommended that he accept the plea agreement is "contrary to well established law" yet he fails to reference any applicable law. *Id.* at 19.  His reference to *U.S. v. Rizk*, 660 F.3d 1125, 1137 (9th Cir. 2011) is misplaced.  While the appellate court in *Rizk* did hold that a district court should not order restitution such that victims will receive an amount greater than their actual losses, the issue addressed by the appellate court related to allocation of restitution, not the initial loss calculation.  The court did not reduce the total amount of restitution to be paid by the defendant, but merely altered the allocation of the amount between the victims and the insurer. 660 F.3d at 1137.  Therefore, the Defendant has failed to demonstrate that his counsel's advice was deficient as a matter of well-established law.

Furthermore, the Defendant has failed to demonstrate any prejudice in regards to the amount of restitution ordered to be paid.  The Defendant previously raised this issue on direct appeal and was not successful.  Now, he phrases his claim differently arguing that had he gone to trial, he would have been acquitted of the same Wire Fraud counts which were dismissed by the Government pursuant to the Plea Agreement, therefore the plea agreement conferred no benefit.  However, Defendant Gebers does not claim he would have been acquitted of the offense to which he pled guilty, Failure to Appear, nor does he explain how the amount of restitution would have been less if he were acquitted of all five Wire Fraud counts but convicted of Failure to Appear.  In fact, as explained by his trial counsel in her affidavit, "(b)oth Gebers and undersigned (counsel) discussed the Failure to Appear charge and concluded there was no good defense to it." (Government's Response, ECF No 129, Ex.1).

As trial counsel declares in her affidavit, the Court is allowed to consider relevant conduct and hold the Defendant responsible for paying a higher restitution amount that is charged in the

Indictment. *Id.*, see also *U.S. v. Booth*, 309 F.3d 566 (9th Cir. 2002).  Likewise, as explained by trial counsel in her Sentencing Memorandum, "the Guidelines in this case do not distinguish between situations in which the defendant is guilty of the underlying offense for which he failed to appear and situations for which he is acquitted. See U.S.S.G. § 2J1.6". (ECF No. 71).  Finally, trial counsel explains in her affidavit that "(t)he benefit of the bargain was that …he would not risk a higher guideline exposure if he were found guilty at trial." (ECF No. 129, Ex.1).  The Defendant seems to forget that as a result of the plea agreement, he received a two-point reduction for acceptance of responsibility as well as a low-end guideline range recommendation from the Government which he would not have received had he gone to trial even if he were acquitted of the five Wire Fraud counts and only convicted of Failure to Appear.(ECF No. 64). Therefore, the Court finds that Defendant's argument lacks merit.

Furthermore, trial counsel's strategic choices in this case are immune from attack as there is no evidence that she failed to conduct an adequate inquiry into Defendant's options.  As noted by the Government in its Response, the Defendant provides no valid basis to question trial counsel's decision to recommend he accept the plea offer.  The Court finds that there is no factual scenario presented by the Defendant that could provide the relief requested if he were given an opportunity to prove his assertions at an evidentiary hearing.  He has simply failed to raise a viable basis for relief in light of the objective factors present on the record.

Accordingly, since the Defendant has failed to make a substantial showing of the denial of a constitutional right, the Court **DENIES** a Certificate of Appealability. 28 U.S.C. §2253.

**DATED** this 14th day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court